IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel L. Staley, *aka Daniel Levern Staley, #273165*<br><br>        Plaintiff,<br><br>v.<br><br>Agent Jack B. Witherspoon, Marion County Probation, Parole and Pardon Services; Captain Mr. John Doe, Mullins Police Department; Officer Mr. John Doe, State Law Enforcement Constable; and Agent Mr. John Doe, United States Marshal,<br><br>        Defendants. | C.A. No.: 9:07-195-PMD-GCK<br><br>**ORDER** |

      On January 17, 2007, Plaintiff Daniel L. Staley ("Plaintiff" or "Staley") brought this action pursuant to 42 U.S.C. § 1983 as a *pro se* litigant against the above-named Defendants. Plaintiff alleged that Defendants violated his Fourth Amendment constitutional rights during Plaintiff's arrest for a probation violation on October 23, 2006. His claim is for "official assistance in investigating such matter" since he claims that he was the subject of an illegal search and seizure as neither he nor his grandfather gave permission for Defendants to enter. (Compl. at 1, 4.)

      The record contains a report and recommendation (the "R&R") of United States Magistrate Judge George C. Kosko and was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without

prejudice and without issuance of service of process pursuant to 28 U.S.C. § 1915(g)[1] which is also known as the "three strikes" rule. A party may submit a written objection within ten days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the R&R.

## STANDARD OF REVIEW

### A. The Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. §636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. 28 U.S.C. §636(b)(1). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1). After reviewing the entire record, the R&R, and Plaintiff's objection, the court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Therefore, the court is adopting the R&R and fully incorporates it into this Order.

---

[1] 28 U.S.C. § 1915(g) provides,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

### B.     28 U.S.C. § 1915(g)

Title 28, United States Code, Section 1915 permits an indigent litigant to file *in forma pauperis*, which allows a federal court action to be commenced without prepaying the administrative costs of proceeding with the lawsuit.  However, the statute does provide limitations to the actions that may be filed by permitting the court to dismiss the case upon finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A Complaint is termed frivolous when it is "clearly baseless," which includes allegations that are "fanciful," "fantastic," and/or "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-328 (1989)).  Section 1915(g) provides that once a prisoner has brought three or more actions dismissed on the grounds that the actions are frivolous, malicious, or fail to state a claim upon which relief may be granted, the prisoner cannot bring a subsequent civil action without prepaying the filing fees unless the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Thus, if Plaintiff has had three or more claims dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, he will be unable to proceed with his current suit unless he is willing to prepay the filing fee or unless he can meet the "imminent danger" exception.

### DISCUSSION

The Magistrate Judge correctly noted that § 1915(g) subjects Plaintiff's claims in this case to summary dismissal.  (R&R at 3-4.)  Although Plaintiff did submit objections, he failed to object to the use of §1915(g).  Instead, his Objections seem only to restate and further describe the facts alleged in his original Complaint.  (Objections at 1.)  As *pro se* litigants' complaints are

not held to the same stringent pleading requirements that are required of attorneys, the complaints of such litigants, "however inartfully pleaded," must be read more liberally than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Yet even in reading Plaintiff's Complaint and Objections liberally, Plaintiff has failed to meet his burden under §1915(g). He has filed more than three actions that have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted.[2] Furthermore, Plaintiff has failed to show he can proceed under the "imminent danger" exception. *See* 28 U.S.C. §1915(g). Because he does not allege he is in imminent danger of serious physical injury, Plaintiff cannot proceed with this action.

## CONCLUSION

Therefore, for the aforementioned reasons, the court **ORDERS** Plaintiff's Complaint to be **DISMISSED** under the "three strikes" rule of 28 U.S.C. § 1915(g) without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 3, 2007**

---

[2]Because the court has the right to "take notice of its own files and records," the court has the right to take judicial notice that Plaintiff has previously filed at least three claims that have been dismissed for the aforementioned reasons, making them each a strike under §1915(g). *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). From 2003 until the present, Plaintiff's prior cases which have been dismissed as frivolous include Civil Actions Nos.: 9:03-3490-PMD; 9:03-3491-PMD; 9:03-3492-PMD; 9:04-1899-PMD; 9:07-45-PMD; and 9:07-288-PMD. (R&R at 3 n.1.)

4